UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| CATHERINE WIESELER-MYERS, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WORLD WIDE MEDICAL SERVICES, INC., a Florida corporation,<br><br>　　　　　Defendant. | Case No.  8:18-cv-756-T-26-AAS<br><br>Assigned to:<br>The Honorable Amanda Arnold Sansone<br>Courtroom 10B<br><br><br><br>Complaint Filed　　　March 29, 2018<br>Trial Date:　　　　　TBD |

DEFENDANT WORLD WIDE MEDICAL SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, World Wide Medical Services, Inc. ("WWMSI"), by and through its attorneys, hereby answers the allegations set forth in Plaintiff Catherine Wieseler-Myers' ("Plaintiff") Complaint filed in this Court.

## **ANSWER**

In responding to the Complaint, WWMSI denies all allegations contained therein unless specifically admitted below.  Paragraph numbers in this document correspond to the paragraph numbers of the Complaint and respond to all allegations of the corresponding Complaint paragraph.  Within each paragraph, if an allegation is not expressly admitted, it is denied.

## NATURE OF THE CASE

1. The allegations contained in Paragraph 1 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the Telephone Consumer Protection Act ("TCPA") speaks for itself and denies any remaining allegations in Paragraph 1.

2. WWMSI denies the allegations in Paragraph 2.

## PARTIES

3. WWMSI is without knowledge as to Plaintiff's citizenship and residency and, therefore, denies the allegations in Paragraph 3. The remaining allegations in Paragraph 3 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that 47 U.S.C. § 153(39) speaks for itself, and denies the remaining allegations in Paragraph 3.

4. WWMSI admits the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI denies the allegations in Paragraph 5.

6. The allegations contained in Paragraph 6 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI denies the allegations in Paragraph 6.

7. The allegations contained in Paragraph 7 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI denies the allegations in Paragraph 7.

## FACTUAL ALLEGATIONS

**The TCPA**

8. The allegations contained in Paragraph 8 are legal conclusions to which no response is required. WWMSI further denies that it sent any "unwanted calls and text messages" to Plaintiff. To the extent a further response is required, WWMSI notes that the TCPA speaks for itself and denies any remaining allegations in Paragraph 8.

9. The allegations contained in Paragraph 9 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the TCPA speaks for itself and denies any remaining allegations in Paragraph 9.

10. The allegations contained in Paragraph 10 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the TCPA speaks for itself and denies any remaining allegations in Paragraph 10.

11. The allegations contained in Paragraph 11 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the TCPA speaks for itself and denies any remaining allegations in Paragraph 11.

12. The allegations contained in Paragraph 12 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the TCPA speaks for itself and denies any remaining allegations in Paragraph 12.

13. The allegations contained in Paragraph 13 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that *In re Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003) (the "2003 FCC Regulations") speaks for itself and denies any remaining allegations in Paragraph 13.

14. The allegations contained in Paragraph 14 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the

TCPA and the 2003 FCC Regulations speak for themselves and denies any remaining allegations in Paragraph 14.

15. The allegations contained in Paragraph 15 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the 2003 FCC Regulations speaks for itself and denies any remaining allegations in Paragraph 15.

16. The allegations contained in Paragraph 16 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the 2003 FCC Regulations speaks for itself and denies any remaining allegations in Paragraph 16.

17. The allegations contained in Paragraph 17 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; American Association of Healthcare Administrative Management, Petition for Expedited Declaratory Ruling and Exemption, et al.*, CG Docket No. 02-278, 30 FCC Rcd. 7961 (July 10, 2015) (the "2015 FCC Order") speaks for itself and denies any remaining allegations in Paragraph 17.

18. The allegations contained in Paragraph 18 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the 2015 FCC Order speaks for itself and denies any remaining allegations in Paragraph 18.

19. The allegations contained in Paragraph 19 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the TCPA speaks for itself and denies any remaining allegations in Paragraph 19.

20. The allegations contained in Paragraph 20 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the

TCPA speaks for itself and denies any remaining allegations in Paragraph 20.

21. The allegations contained in Paragraph 21 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the TCPA speaks for itself and denies any remaining allegations in Paragraph 21.

22. The allegations contained in Paragraph 22 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the TCPA speaks for itself and denies any remaining allegations in Paragraph 22.

23. The allegations contained in Paragraph 23 are legal conclusions to which no response is required. To the extent a further response is required, WWMSI notes that the 2015 FCC Order speaks for itself and denies any remaining allegations in Paragraph 23.

**Plaintiff's Experience with Defendant**

24. WWMSI admits that WWMSI, doing business as The Brace Doctor, transmitted a SMS text to the phone number 970-618-1912 on or around July 17, 2017, because the owner of the phone number, Plaintiff, consented to be contacted by WWMSI and The Brace Doctor "via autodialer, prerecorded voice, and SMS text." WWMSI is without knowledge as to Plaintiff's receipt of an alleged SMS text on her mobile phone number, and, therefore, denies the remaining allegations in Paragraph 24.

25. WWMSI admits WWMSI, doing business as The Brace Doctor, transmitted a call to the phone number 970-618-1912 on or around July 17, 2017, because the owner of the phone number, Plaintiff, consented to be contacted by WWMSI and The Brace Doctor "via autodialer, prerecorded voice, and SMS text." WWMSI is without knowledge as to Plaintiff's receipt of an alleged pre-recorded phone call and voicemail on her mobile phone number, and, therefore, denies the remaining allegations in Paragraph 25.

26. WWMSI admits that WWMSI, doing business as The Brace Doctor, transmitted a call to the phone number 970-618-1912 on or around July 17, 2017, because the

owner of the phone number, Plaintiff, consented to be contacted by WWMSI and The Brace Doctor "via autodialer, prerecorded voice, and SMS text." WWMSI is without knowledge as to Plaintiff's receipt of an alleged pre-recorded phone call and voicemail on her mobile phone number, and, therefore, denies the remaining allegations in Paragraph 26.

27. WWMSI admits that WWMSI, doing business as The Brace Doctor, transmitted a call to the phone number 970-618-1912 on or around July 17, 2017, because the owner of the phone number, Plaintiff, consented to be contacted by WWMSI and The Brace Doctor "via autodialer, prerecorded voice, and SMS text." The allegation stating "the voice mails contained advertising language" is a legal conclusion to which no response is required. WWMSI is without knowledge as to Plaintiff's receipt of an alleged pre-recorded phone call and voicemail on her mobile phone number, and, therefore, denies the remaining allegations in Paragraph 27.

28. WWMSI admits that it leases the phone number 908-738-1741. WWMSI denies the remaining allegations in Paragraph 28.

29. WWMSI denies the allegations in Paragraph 29.

30. WWMSI denies the allegations in Paragraph 30.

31. WWMSI denies the allegations in Paragraph 31.

32. WWMSI denies the allegations in Paragraph 32, and specifically denies that Plaintiff's case is entitled to class treatment, denies that the class action allegations have any merit, and denies that WWMSI violated the TCPA.

33. WWMSI denies the allegations in Paragraph 33, and specifically denies that Plaintiff's case is entitled to class treatment, denies that the class action allegations have any merit, and denies that WWMSI violated the TCPA.

34. WWMSI denies the allegations in Paragraph 34, and specifically denies that Plaintiff's case is entitled to class treatment, denies that the class action allegations have any merit, and denies that WWMSI violated the TCPA.

35. WWMSI denies the allegations in Paragraph 35, and specifically denies that Plaintiff's case is entitled to class treatment, denies that the class action allegations have any merit, and denies that WWMSI violated the TCPA.

36. WWMSI admits that on July 17, 2017, Plaintiff voluntarily provided the phone number 970-618-1912 and her prior express written consent to be contacted by WWMSI and The Brace Doctor. WWMSI further admits that Plaintiff consented to be contacted "via autodialer, prerecorded voice, and SMS text." WWMSI denies the remaining allegations in Paragraph 36.

37. WWMSI admits that on July 17, 2017, Plaintiff voluntarily provided the phone number 970-618-1912 and her prior express written consent to be contacted by WWMSI and The Brace Doctor. WWMSI further admits that Plaintiff consented to be contacted "via autodialer, prerecorded voice, and SMS text." WWMSI denies the remaining allegations in Paragraph 37.

38. WWMSI admits that on July 17, 2017, Plaintiff voluntarily provided the phone number 970-618-1912 and her prior express written consent to be contacted by WWMSI and The Brace Doctor. WWMSI further admits that Plaintiff consented to be contacted "via autodialer, prerecorded voice, and SMS text." WWMSI denies the remaining allegations in Paragraph 38.

39. WWMSI denies the allegations in Paragraph 39.

40. WWMSI denies the allegations in Paragraph 40.

41. WWMSI denies the allegations in Paragraph 41.

42. WWMSI is without knowledge as to Plaintiff's receipt of "these messages," and, therefore, denies the allegations in Paragraph 42. WWMSI specifically denies that it violated the TCPA.

43. WWMSI denies the allegations in Paragraph 43.

44. WWMSI denies the allegations in Paragraph 44.

45. WWMSI denies the allegations in Paragraph 45.

## CLASS ALLEGATIONS

46. The allegations in Paragraph 46 discuss Plaintiff's intention in bringing a class action and Plaintiff's definition of a purported class. Such allegations do not require a response. To the extent a response is required, WWMSI denies that Plaintiff's case is entitled to class treatment and denies that the class action allegations in Paragraph 46 have any merit.

47. The allegations in Paragraph 47 discuss Plaintiff's definition of a purported class. Such allegations do not require a response. To the extent a response is required, WWMSI denies that Plaintiff's case is entitled to class treatment and denies that the class action allegations in Paragraph 47 have any merit.

48. The allegations in Paragraph 48 discuss Plaintiff's reservation of the right to amend the purported class definition. Such allegations do not require a response. To the extent a response is required, WWMSI denies that Plaintiff's case is entitled to class treatment and denies that the class action allegations in Paragraph 48 have any merit.

49. The allegations in Paragraph 49 are legal conclusions to which no response is required. To the extent a response is required, WWMSI denies the allegations in Paragraph 49, denies that the class action allegations in Paragraph 49 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

50. The allegations in Paragraph 50 and its subparts (a)-(l) are legal conclusions to which no response is required. To the extent a response is required, WWMSI denies the allegations in Paragraph 50 and its subparts (a)-(l), denies that the class action allegations in Paragraph 50 and its subparts (a)-(l) have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

51. The allegations in Paragraph 51 are legal conclusions to which no response is required. To the extent a response is required, WWMSI denies the allegations in Paragraph 51, denies that the class action allegations in Paragraph 51 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

52. The allegations in Paragraph 52 are legal conclusions to which no response is required. To the extent a response is required, WWMSI denies the allegations in Paragraph 52, denies that the class action allegations in Paragraph 52 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

53. The allegations in Paragraph 53 are legal conclusions to which no response is required. WWMSI is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's adequacy as a class representative and Plaintiff's attorneys' competency and experience, and, therefore, denies the allegations in Paragraph 53. To the extent a response is required, WWMSI denies the allegations in Paragraph 53, denies that the class action allegations in Paragraph 53 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

54. The allegations in Paragraph 54 are legal conclusions to which no response is required. To the extent a response is required, WWMSI denies the allegations in Paragraph 54, denies that the class action allegations in Paragraph 54 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

55. The allegations in Paragraph 55 are legal conclusions to which no response is required. To the extent a response is required, WWMSI denies the allegations in Paragraph 55, denies that the class action allegations in Paragraph 55 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

56. The allegations in Paragraph 56 are legal conclusions to which no response is required. To the extent a response is required, WWMSI denies the allegations in Paragraph 56, denies that the class action allegations in Paragraph 56 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

57. The allegations in Paragraph 57 are legal conclusions to which no response is required. To the extent a response is required, WWMSI denies the allegations in Paragraph 57, denies that the class action allegations in Paragraph 57 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*.**
**On behalf of Plaintiff and the Putative Class**

58. WWMSI incorporates the preceding paragraphs as if set forth herein.

59. WWMSI denies that Plaintiff's case is entitled to class treatment. The term "commercial" is undefined and vague, and, therefore, WWMSI can neither admit nor deny the remaining allegations in Paragraph 59. To the extent a further response is required, WWMSI denies the allegations in Paragraph 59.

60. WWMSI admits that on July 17, 2017, Plaintiff voluntarily provided the phone number 970-618-1912 and her prior express written consent to be contacted by WWMSI and The Brace Doctor. WWMSI further admits that Plaintiff consented to be contacted "via autodialer, prerecorded voice, and SMS text." WWMSI admits that on July

17, 2017, WWMSI, doing business as The Brace Doctor, transmitted calls and/or SMS text to Plaintiff at the phone number 970-618-1912. WWMSI denies that Plaintiff's case is entitled to class treatment. The term "commercial" is undefined and vague, and, therefore, WWMSI can neither admit nor deny the remaining allegations in Paragraph 60. To the extent a further response is required, WWMSI denies the allegations in Paragraph 60.

61. WWMSI denies the allegations in Paragraph 61 and specifically denies that Plaintiff's case is entitled to class treatment.

62. WWMSI denies the allegations in Paragraph 62 and specifically denies that Plaintiff's case is entitled to class treatment.

63. The allegations in Paragraph 63 are legal conclusions to which no response is required. To the extent a response is required, WWMSI denies the allegations in Paragraph 63 and that Plaintiff's case is entitled to class treatment.

64. The allegations in Paragraph 64 are legal conclusions to which no response is required. To the extent a response is required, WWMSI denies the allegations in Paragraph 64 and that Plaintiff's case is entitled to class treatment.

65. The allegations in Paragraph 65 are legal conclusions to which no response is required. To the extent a response is required, WWMSI denies the allegations in Paragraph 65 and that Plaintiff's case is entitled to class treatment. WWMSI further denies that Plaintiff and any purported class members are entitled to relief.

66. The allegations in Paragraph 66 are legal conclusions to which no response is required. To the extent a response is required, WWMSI denies the allegations in Paragraph 66 and that Plaintiff's case is entitled to class treatment. WWMSI further denies that Plaintiff and any purported class members are entitled to relief.

## AS TO PRAYER FOR RELIEF

WWMSI denies that Plaintiff, or any member of the putative class, is entitled to any

relief whatsoever, including, but not limited to, any judgment or decree that the present case may be properly maintained as a class action, any monetary damages (including actual damages, statutory damages, or punitive damages), declaratory relief, injunctive relief, and any attorneys' fees or costs.

## AS TO JURY DEMAND

The allegations in this paragraph constitute a jury demand to which no response is required.

## AS TO DOCUMENT PRESERVATION DEMAND

The allegations in this paragraph constitute a document preservation demand to which no response is required.

## AFFIRMATIVE DEFENSES

WWMSI, in the alternative, and without prejudice to the denials and other statements made in its Answer, states the following affirmative defenses. By setting forth these affirmative defenses, WWMSI does not assume the burden of proof as to any fact issue or other element of any cause of action for which Plaintiff bears the burden of proof. Moreover, WWMSI reserves the right to rely upon additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Laches, Unclean Hands, Ratification, and Statutes of Limitations)

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines

of waiver, estoppel, laches, unclean hands, ratification, and/or applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing and Lack of Subject Matter Jurisdiction)

The Complaint and each purported claim contained therein are barred to the extent Plaintiff or any member of the purported class lacks standing.

## FOURTH AFFIRMATIVE DEFENSE
### (Improper Class Action)

This action is not maintainable as a class action, and relief on a class-wide basis is not appropriate because Plaintiff has failed to allege and cannot prove the facts and prerequisites necessary for the maintenance of a class action, including typicality, numerosity, commonality, ascertainability, or adequate representation.

## FIFTH AFFIRMATIVE DEFENSE
### (Damages Not Measureable on a Classwide Basis)

Plaintiff's alleged damages, if any, are incapable of proof on a classwide basis.

## SIXTH AFFIRMATIVE DEFENSE
### (Prior Express Written Consent)

Plaintiff provided prior express written consent to be contacted at the phone number 970-618-1912 by WWMSI and The Brace Doctor. *See* 47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(f)(8).

## SEVENTH AFFIRMATIVE DEFENSE
### (Established Business Relationship)

Plaintiff had an established business relationship with WWMSI within the meaning of 47 C.F.R. § 64.1200(f)(5).

### EIGHTH AFFIRMATIVE DEFENSE
### (Plaintiff Not Charged for the Call or Text Message)

Plaintiff was not charged for the alleged calls or text messages transmitted by WWMSI.  *See* 47 U.S.C. § 227(b)(1)(A)(iii)**.**

### NINTH AFFIRMATIVE DEFENSE
### (No ATDS or Artificial or Prerecorded Voice)

WWMSI did not use an automatic telephone dialing system or an artificial or prerecorded voice to transmit any calls or messages to Plaintiff.  *See* 47 C.F.R. §§ 64.1200(a)(1), (f)(2).

### TENTH AFFIRMATIVE DEFENSE
### (Not an Unsolicited Advertisement)

WWMSI did not transmit any "unsolicited advertisement" or "advertisement" to Plaintiff within the meaning of 47 U.S.C. § 227 (a)(5) and 47 C.F.R. § 64.1200(f)(1).

### ELEVENTH AFFIRMATIVE DEFENSE
### (Mistake of Fact or Law)

The Complaint is barred in whole or in part to the extent that any conduct engaged in by WWMSI was based on a mistake of fact or law.

### TWELFTH AFFIRMATIVE DEFENSE
### (Plaintiff's Own Actions or Omissions)

Any injuries or damages suffered by Plaintiff, and the existence of such injury or damages is specifically denied, were caused by Plaintiff's own actions and/or omissions, and not by any actions and/or omissions of WWMSI.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

WWMSI has substantially complied with the requirements of federal law as they

pertain to this lawsuit and such substantial compliance bars Plaintiff's and or members of the putative class' claims.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff failed and/or neglected to use reasonable care to protect herself and to avoid, minimize, and/or mitigate her alleged injury and damages.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Unconstitutional Vagueness and Overbreadth)

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Defenses Specific to Class Members)

WWMSI may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed classes.  WWMSI reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Excessive Penalties)

Plaintiff has suffered no actual damages, and thus, the statutory and punitive penalties sought by Plaintiff and members of the putative class are excessive and violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE
**(Reservation of Rights)**

WWMSI reserves the right to supplement its Answer and to assert any other defenses available under applicable law.

DATED:  May 25, 2018

Respectfully Submitted,

*/s/  Claire C. Newland*
Joshua Briones (CA SBN: 205293)
*Admitted Pro Hac Vice*
MINTZ LEVIN COHN FERRIS GLOVSKY
  AND POPEO, P.C.
Century Plaza Towers
2029 Century Park East, Suite 3100
Los Angeles, CA  90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202
jbriones@mintz.com

Claire C. Newland (CA SBN 301017)
*Admitted Pro Hac Vice*
MINTZ LEVIN COHN FERRIS GLOVSKY
  AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA  94104
Telephone: (415) 432-6000
Facsimile: (415) 432-6001
ccnewland@mintz.com

Elaine M. Rice (FBN: 549975)
WIAND GUERRA KING P.A.
5505 West Gray Street
Tampa, Florida 33609
Telephone: (813) 347-5100
Facsimile: (813) 347-5199
erice@wiandlaw.com

*Attorneys for Defendant*
*World Wide Medical Services, Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 25, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

           */s/ Claire C. Newland*
           Claire C. Newland (CA SBN 301017)
           *Admitted Pro Hac Vice*